# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1085

_____

John Bracey

*Plaintiff - Appellant*

v.

Little Rock Arkansas, City of

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: November 29, 2017
Filed: December 12, 2017
[Unpublished]

_____

Before GRUENDER, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

John Bracey sued the city of Little Rock, Arkansas, alleging that he was fired from his position as a police officer because of his race. The city said that Bracey was terminated because he violated a police department rule requiring officers to report any incidents of domestic violence in which they were the "alleged suspect," as well as rules against conduct unbecoming of an officer, conduct that could result

in justified criticism of the department, failure or refusal to obey a lawful order, and giving false testimony. As he did in the District Court,[1] Bracey devotes most of his argument to disputing the city's account of his conduct. But the question of Bracey's guilt or innocence is not determinative of the issue on appeal, which is whether the city intended to discriminate. See Pulczinski v. Trinity Structural Towers, Inc., 691 F.3d 996, 1003 (8th Cir. 2012). Nor does it matter how Bracey's behavior compared to another Little Rock police officer who also was fired after a domestic-violence incident. To disprove the city's stated reason for firing him, Bracey would need to identify someone of a different race who was similarly situated to himself and *was not* fired. See Chappell v. Bilco Co., 675 F.3d 1110, 1118–19 (8th Cir. 2012). The only other potential comparator he identifies does not fit the bill because unlike Bracey, he was not the aggressor in the altercation in which he was involved nor had he violated multiple department rules.

Bracey also cites generalized testimony about racial tension and unequal treatment in the Little Rock Police Department. He does not, however, identify any specific instances of similarly situated people being treated differently, and vague allegations of bias do not support an inference that the personnel decision was racially motivated. See Gibson v. Am. Greetings Corp., 670 F.3d 844, 854–55 (8th Cir.) (noting that "general allegations" of disparate treatment without identifying the employees are "insufficient to survive summary judgment"), cert. denied, 568 U.S. 885 (2012).

We affirm the judgment of the District Court. See Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir.) (en banc) (standard of review), cert. denied, 565 U.S. 978 (2011).

---

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas, adopting the recommendation of the Honorable J. Thomas Ray, United States Magistrate Judge for the Eastern District of Arkansas.